Affirmed and Opinion filed August 3, 2010.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-01018-CV



 

 

In Re Purported Liens or
Claims Against Samshi Homes, L.L.C.

 

 



On Appeal from the 281st
District Court

Harris County, Texas

Trial Court Cause No. 2009-66624



 

OPINION

 

Samshi Homes, L.L.C. appeals from the trial court’s
denial of its Motion for Judicial Review of Documentation or Instruments
Purporting to Create a Lien or Claim, filed pursuant to section 51.903 of the
Texas Government Code.  In its motion, Samshi Homes contended that liens filed by
Jesse De Leon against five of its properties were fraudulent.  In two issues on
appeal, Samshi Homes contends that the trial court erred in denying the
motion.  We affirm.

Background

            On September 21,
2009, Jesse De Leon filed with the Harris County clerk’s office claims of liens
against five properties in Harris County.  In each instrument, De Leon stated
that “in accordance with a contract with [Vinay][1]
Karna,” De Leon “furnished labor and materials for improvements to the . . . property”
owned by Karna.  De Leon further stated in the instruments that “$4633.00 . . .
remains unpaid and is due and owing under said contract.  [De Leon] asserts a
lien on said improvements and premises to secure the payment of the amount
claimed.”[2]

            On October 16,
2009, Samshi Homes filed its motion, alleging that it, and not Karna, was the
owner of the five properties on which De Leon had filed the lien claims.  The
motion further states that Karna never entered into any agreement with De Leon. 
The motion concludes that the instruments in question “are fraudulent as
defined by Section 51.901(c)(2), Government Code, and that the documentation or
instruments should therefore not be accorded lien status.”  In an attached
affidavit, Karna averred that he is the “managing member” of Samshi Homes and that
the assertions in the motion are true and correct.

            The trial court
denied Samshi Homes’ motion without stating the grounds for the ruling.  This
appeal ensued.

Analysis

Section 51.903(a) of the Government Code authorizes a
person or entity that owns real property, and has reason to believe that
another has filed a document purporting to create a lien against that property,
to file a motion with the district clerk alleging that the instrument in
question is fraudulent, as defined by section 51.901(c), and therefore should not
be accorded lien status.  Tex. Gov’t Code §§ 51.901(c), 51.903(a).  Section 51.903(c)
authorizes a district judge with jurisdiction to rule on the motion.  Id.
§ 51.903(c).  In doing so, the judge may make his or her determination based on
a review of the instrument itself, without the benefit of testimonial evidence. 
Id.[3]

In its motion Samshi Homes alleged that De Leon’s
lien instruments were fraudulent as defined by section 51.901(c)(2).  That
section provides that an instrument filed for recording in the property records
is presumed to be fraudulent if:

the document or instrument purports to create a lien or
assert a claim against real or personal property or an interest in real or
personal property and:

(A) is not a document or instrument provided for by the
constitution or laws of this state or of the United States;

(B) is not created by implied or express consent or
agreement of the obligor, debtor, or the owner of the real or personal property
or an interest in the real or personal property, if required under the laws of
this state, or by implied or express consent or agreement of an agent,
fiduciary, or other representative of that person;  or

(C) is not an equitable, constructive, or other lien
imposed by a court with jurisdiction created or established under the
constitution or laws of this state or of the United States . . . .

Id. § 51.901(c)(2).  There
is no indication in the record that the instruments in question here were
created by consent or agreement as contemplated under subsection (B), or that
they were imposed by a court as contemplated under subsection (C).  The key
issue here is whether the instruments are “provided by the constitution or laws
of this state or of the United States” as contemplated by subsection (A).

            Samshi Homes acknowledges
that the instruments in question are attempts to create mechanic’s liens under section
53.054 of the Property Code.  However, it argues that the instruments did not
meet the requirements of that section because they did not provide (1) “the
name and last known address of the owner or purported owner,” or (2) “a general
statement of the kind of work done and materials furnished by the claimant.”  Tex.
Prop. Code § 53.054(a)(2), (3).  Samshi Homes further insists that it proved
(through Karna’s affidavit) that Karna never entered into an agreement with De
Leon.   It also argues that because De Leon did not allege an agreement with
Samshi Homes, the actual owner of the properties, the claims of lien are
fraudulent.  Thus, Samshi Homes’ contentions fall into two categories:  those
challenging whether De Leon’s instruments fulfilled the requirements of section
53.054(a) (i.e., name and address of owner and general statement of work
and materials), and those raising substantive evidentiary issues (i.e.,
that Karna did not own the property and did not contract with De Leon).

            All of Samshi Homes’
contentions, however, go beyond the scope of sections 51.901 and 51.903 of the
Government Code.  In a proceeding pursuant to those sections, a trial court is
limited to determining whether a particular instrument, or instruments, is
fraudulent as therein defined; it may not rule on the validity of the
underlying lien itself or other claims between the parties.  See Tex.
Gov’t Code § 51.903 (a), (g); Becker v. Tropic Isles Assoc., No.
13-08-00559-CV, 2010 WL 877569, at *3 (Tex. App.—Corpus Christi March 11, 2010,
pet. filed) (mem. op.); In re Hart, No. 07-98-0292-CV, 1999 WL 225956,
at *2 (Tex. App.—Amarillo April 15, 1999, no pet.) (not designated for
publication).

As Samshi Homes acknowledges, the instruments De Leon
filed are in the form of mechanic’s liens.[4] 
Thus, the documents filed by De Leon are instruments “provided by the . . .
laws of this state” and are therefore not presumed to be fraudulent under
section 51.901(c)(2)(A).  Samshi Homes complaints based on section 53.054 are therefore
beyond the scope of the current proceedings.[5] 
Likewise, Samshi Homes’ substantive evidentiary claims—that it, rather than
Karna, owned the subject properties and that Karna never entered into an
agreement with De Leon—are also beyond the scope of the section 51.903
proceedings.  See Becker, 2010 WL 877569, at *3 (holding that movant
converted his Motion for Judicial Review into an action seeking a declaratory
judgment by requesting rulings on the underlying rights of the parties).

Because Samshi Homes failed
to demonstrate that the instruments filed by De Leon were fraudulent under
section 51.901 of the Government Code, the trial court did not err in
overruling Samshi Homes’ Motion for Judicial Review filed pursuant to section
51.903 of the code.  Accordingly, we overrule Samshi Homes’ two issues.

We affirm the trial
court’s order.

 

 

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief Justice
Hedges and Justices Yates and Boyce.









[1]
The instruments actually spell Karna’s first name as “Vinary,” but Samshi Homes
asserts that the proper spelling is “Vinay.”





[2]
Based on the addresses and legal descriptions of the five properties in
question, they appear to be adjacent parcels of land.





[3]
Subsection (e) of section 51.903 provides that the trial court should “enter an
appropriate finding of fact and conclusion of law” regarding its determination,
and subsection (g) sets out a “suggested form order” for this purpose.  Tex.
Gov’t Code § 51.903(e), (g).  Although the trial court failed to enter a
finding of fact or conclusion of law in the present case, Samshi Homes does not
complain about such failure on appeal.





[4]
Although Samshi Homes argues that De Leon failed to provide the purported
owner’s name and address and a general statement of the kind of work done and
materials furnished, the instruments themselves show that De Leon attempted to
comply with all of the requirements of Property Code section 53.054.  Among
other information in each instrument, De Leon:  (1) averred that the respective
property was owned by Karna; (2) gave Karna’s home address (an address Karna acknowledges
was correct); and (3) stated that “in accordance with a contract with [Karna,
he (De Leon)] furnished labor and materials for improvements to the . . .
property.”  Whether such statements were sufficiently specific to meet the
requirements of section 53.054 is beyond the scope of a Motion for Judicial
Review filed under Government Code section 51.903.





[5]
In order to remove the liens as invalid or unenforceable for an alleged failure
to meet the technical specifications of section 53.054, Samshi Homes should
have filed suit and then a summary motion under section 53.160 of the Property
Code.  Tex. Prop. Code § 53.160(b)(2).  It is further important to realize that
in addition to differences in scope, there are significant procedural
differences between Government Code section 51.903 and Property Code section
53.160, two remedial mechanisms for property owners.  For example, a proceeding
pursuant to section 51.903 does not require notice to the claimant who filed
the lien, whereas a proceeding pursuant to section 53.160 does require notice. 
Compare Tex. Gov’t Code § 53.160(c) (requiring notice) with Tex.
Prop. Code § 51.903(c) (stating that review may be undertaken “without . . .
notice of any kind”).  The two are not interchangeable.